**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0276-20

SYNCERE RICHARDSON,

    Petitioner-Appellant,

v.

NEW JERSEY MOTOR
VEHICLE COMMISSION,

    Respondent-Respondent.

_____

Submitted October 25, 2021 – Decided November 9, 2021

Before Judges Fasciale and Vernoia.

On appeal from the New Jersey Motor Vehicle Commission.

Syncere Richardson, appellant pro se.

Andrew J. Bruck, Acting Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Jennifer R. Jaremback, Deputy Attorney General, on the brief).

PER CURIAM

Syncere Richardson appeals from an August 31, 2020 New Jersey Motor Vehicle Commission (MVC) final agency determination suspending his driver's license for his seventh motor vehicle violation in two years, and for his violation of the conditions of a one-year driving probation period. The MVC initially imposed a ninety-day suspension, but then reduced it to thirty days. We lift a temporary stay that we imposed pending appeal and affirm, concluding the MVC's decision was not arbitrary.

Richardson received his permit in 2017, and his probationary driver's license in 2018. Since Richardson received his probationary license, he has committed seven motor vehicle violations.[1] After his first three violations, Richardson was required to complete a probationary driver program (PDP). While enrolled in the program, Richardson committed another three motor vehicle violations. The MVC advised Richardson, in person and via written notice, that if he committed another offense within a year of the program's

---

[1] This includes: (1) an accident and careless driving charge, which added two motor vehicle points to his driving record; (2) another careless driving charge, which added another two motor vehicle points to his driving record; (3) an unsafe operation of a motor vehicle charge arising out of the same incident as the second careless driving charge; (4) a violation for failure to move over for an emergency vehicle; (5) a violation for failure to give a proper signal, which added another two points to his license; (6) another unsafe operation of a motor vehicle charge; and (7) a speeding charge.

A-0276-20

completion, his driver's license would be subject to suspension. Richardson committed a violation three months after the course concluded—for speeding.

On appeal, Richardson's primary argument is that the MVC failed to consider that his license suspension creates a hardship, which he argues constitutes good cause warranting a deviation from N.J.S.A. 39:5-30.10—a mandate that a person convicted of a violation within one year of completion of a PDP have his or her license suspended.

Judicial review of an agency determination is limited. Allstars Auto Group, Inc. v. New Jersey Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018) (citing Russo v. Bd. of Trs., PFRS, 206 N.J. 14, 27 (2011)). A reviewing court "must be mindful of, and deferential to, the agency's 'expertise and superior knowledge of a particular field.'" Id. at 158 (quoting Circus Liquors, Inc. v. Middletown Twp., 199 N.J. 1, 10 (2009)). Moreover, "[a] reviewing court 'may not substitute its own judgment for the agency's, even though the court might have reached a different result.'" Ibid. (quoting In re Stallworth, 208 N.J. 182, 194 (2011)). "An administrative agency's final quasi-judicial decision will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Id. at 157 (quoting Russo, 206 N.J. at 27). We defer to the MVC's "expertise and superior

A-0276-20

knowledge" of this field and do not substitute our own judgment for the agency's even if we might have reached a different result. Id. at 158 (quoting Circus Liquors, 199 N.J. at 10).

The MVC is empowered to suspend or revoke a driver's license for any motor vehicle statute violation. N.J.S.A. 39:5-30(a); Cresse v. Parsekian, 81 N.J. Super. 536, 548-49 (App. Div. 1963). The MVC director "shall suspend" the driver's license of any person who "is convicted of a violation committed within [one] year of [his or her] . . . completion of the approved driver improvement course." N.J.S.A. 39:5-30.10. A person who completes the PDP may retain their license upon the express condition and understanding that any subsequent violation within six months of the completion will result in a ninety-day license suspension. N.J.A.C. 13:19-10.6(a).

Richardson maintains that he needs his license for work and for school, and that he lives in an area without access to public transportation. The MVC asserts that Richardson's conduct has shown "little regard for the motor vehicle laws or the public with whom he shares the road." And that the suspension was authorized by statute and the MVC acted reasonably in reducing the suspension to thirty days to accommodate Richardson's hardship request. The MVC properly weighed and balanced Richardson's circumstances with the mandated

4

suspension period, and its decision is not arbitrary, capricious, unreasonable, nor does it lack fair support in the record.

Richardson's hardship from a license suspension was appropriately considered, as evidenced by the MVC's reduction of the mandated ninety-day suspension to a thirty-day suspension. The MVC measured Richardson's extensive motor vehicle violation history against his need for a license. The MVC properly exercised its authority and discretion to suspend Richardson's license under N.J.S.A. 39:5-30.10, given that he committed a motor vehicle violation within six months of completion of his PDP, after committing six prior motor vehicle violations, and the statute otherwise requires a ninety-day suspension

Affirmed; stay vacated.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5

A-0276-20